FILED
CLERK

9:30 am, Aug 21, 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL
O'TOOLE, MICHAEL BOURGAL, FRANK H.
FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, DENISE RICHARDSON, and
THOMAS CORBETT as Trustees and
fiduciaries of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund, the Local 282
Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick
Leave Trust Fund,

                Plaintiff,

        -against-

SMITHTOWN VOLKSWAGEN and JOE
BINDELS,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
2:14-cv-07091 (ADS)(ARL)

**APPEARANCES:**

**Trivella & Forte LLP**
*Counsel for the Plaintiffs*
1311 Mamaroneck Avenue
White Plains, NY 10605
      By:    Arthur Joseph Miller,
                James Robert Grisi
                Jonathan Michael Bardavid
                Gina Elyse Nicotera

**SPATT, District Judge**:

        The Plaintiffs commenced this action under the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., alleging that the Defendant failed to remit certain fringe benefit contributions to the trustees' funds, as they were required to do under the terms of collective bargaining agreements.

1

On March 14, 2016, the Court entered a default judgment against the Defendant and awarded the Plaintiffs damages.

On July 31, 2017, in an effort to further assess the Defendant's capacity to satisfy the judgment, the Plaintiffs served the Defendant's principal, Andrason Scott ("Scott"), with a subpoena, directing him to appear for a deposition and to bring with him numerous categories of potentially relevant documents.

The subpoena was personally served on Scott on August 15, 2017.

After repeated efforts to contact Scott, on February 7, 2018, the Plaintiffs moved to compel Scott, to appear for a post-judgment deposition and to produce documents responsive to the Plaintiffs' Rule 45 subpoena. ECF 31.

By Order dated March 8, 2018, Magistrate Judge Lindsay noted that the Defendant had not responded to the Plaintiffs' subpoena nor had it opposed the Plaintiffs' application. ECF 34. Judge Lindsay granted the Plaintiffs' motion as unopposed to the extent the Defendant was directed to appear for a deposition on a date mutually convenient to all parties and to produce the documents demanded in the Plaintiffs' Rule 45 subpoena on or before April 6, 2018. Judge Lindsay cautioned the Defendant that failure to comply with this Order might result in the imposition of sanctions, including an award of attorneys' fees. *Id.*

On April 27, 2018, the Plaintiffs filed their first motion seeking to hold the Defendant in contempt for failing to comply with their subpoena. ECF 36. Rather than grant the motion, Judge Lindsay on May 8, 2018, directed the Defendant to promptly produce the outstanding documents and directed Scott to appear for his deposition. ECF 37. Judge Lindsay also warned the Defendant that continued failure to diligently comply with post-judgment discovery could result in sanctions at a later date. *Id.* Notwithstanding Judge Lindsay's Order, the Defendant failed to produce the

responsive documents or schedule his deposition, prompting the Plaintiffs to file another motion for contempt on July 13, 2018. ECF 39.

On July 20, 2018, Judge Lindsay issued a Report and Recommendation (the "R&R") recommending that: "Defendant be required to appear on a date certain to show cause as to why it should not be adjudged in civil contempt for failure to respond to the post-judgment discovery demand and this Court's Orders requiring compliance." ECF 41 at 4.

The Plaintiffs filed proof of service of the R&R on August 2, 2018. ECF 42.

It has been more than fourteen days since the service of the R&R, and the parties have not filed objections.

As such, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *1 (E.D.N.Y. Feb. 9, 2015) (reviewing Report and Recommendation without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Defendant and its principal are ordered to show cause why they should not be held in contempt of court and why they should not be required to pay the Plaintiff's attorney's fees and expenses incurred in compelling compliance with the post-judgment discovery demand and Judge Lindsay's Orders requiring compliance.

The Court will conduct an in-person hearing on 10/24/2018 at 09:00 AM in Courtroom 1020 of the Long Island Courthouse to discuss the order. Any requests for an adjournment must be made on ECF, and must include three alternative proposed dates previously agreed upon by the parties.

It is **SO ORDERED**:

Dated: Central Islip, New York

August 21, 2018

                                                                                     /s/ Arthur D. Spatt

                                                      ARTHUR D. SPATT

                                                  United States District Judge